# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TONYA E. BOSTIC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL ANDREWS & ASSOCIATES, LLC, <br><br> Defendant. | Case No. 2:21-cv-10419-PDP-EAS <br><br> Honorable Judge Paul D. Borman |

## FIRST AMENDED CLASS ACTION COMPLAINT

**NOW COMES** TONYA E. BOSTIC ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of MICHAEL ANDREWS & ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*.

2. "The FDCPA was enacted to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Adams v. JPMorgan Chase Bank, N.A.*, 2017 U.S. App. LEXIS 12218, at *9 (6th Cir. 2017).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Eastern District of Michigan is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this judicial district.

## PARTIES

5. Plaintiff is a natural person whom at all times relevant resided in Charlotte, North Carolina.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Defendant is a debt collection agency that specializes in the collection of debt owed to third parties.

8. Defendant maintains its principal place of business at 26261 Evergreen Road, Suite 350, Southfield, Michigan 48076.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt, and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In July 2016, Plaintiff obtained a vehicle loan from First Investors Financial Services ("First Investors").

11. Plaintiff obtained the loan for personal and family purposes.

12. In 2019, Plaintiff was unable to keep up with the payments on the loan and voluntarily surrendered the vehicle to First Investors.

13. The vehicle was subsequently liquidated, leaving an alleged deficiency balance of $5,239.52 ("subject debt").

14. At some point, First Investors sold or assigned the subject debt to Autovest, LLC ("Autovest").

15. On August 5, 2020, Autovest sent Plaintiff a dunning letter alleging that Plaintiff owes $5,239.52 as of August 5, 2020.

16. The correspondence was the initial communication between Plaintiff and Autovest and advised Plaintiff of her dispute rights under the FDCPA. *See* 15 U.S.C. §1692g

17. Shortly thereafter, Autovest placed the subject debt with Defendant for collection.

18. On August 24, 2020, Plaintiff sent a letter to Autovest (1) disputing the subject debt; (2) requesting validation of the subject debt, and (3) requesting that Autovest cease any credit reporting until the subject debt is validated ("dispute letter").

19. Upon information and belief, Autovest forwarded Plaintiff's dispute letter to Defendant.

20. Autovest did not respond to Plaintiff's dispute letter.

21. Despite Plaintiff's dispute of the subject debt and Autovest's failure to validate the subject debt, Defendant attempted to collect the subject debt by placing collections calls to Plaintiff's cellular phone.

22. During one answered call, Plaintiff advised Defendant that she disputed the subject debt with Autovest and requested that the collection calls cease.

23. In response, Defendant's representative advised Plaintiff that Defendant was allowed to continue its collection efforts until the subject debt was paid.

24. True to its word, Defendant continued placing collection calls to Plaintiff in an effort to collect the subject debt.

25. On January 8, 2021, in an effort to further harass Plaintiff and to compel payment on the subject debt, Defendant accessed Plaintiff's Experian credit report through a "hard inquiry."

**DAMAGES**

26. Defendant's harassing conduct resulted in significant harm to Plaintiff.

27. Specifically, Defendant's credit inquiry is a "hard inquiry," which adversely impacts a consumer's credit score.[1]

28. Accordingly, Plaintiff's credit score was adversely impacted by Defendant's "hard inquiry."

29. Defendant's "hard inquiry" will remain on Plaintiff's Experian credit report until February 2023.

30. Defendant could have easily accessed Plaintiff's credit report through a "soft inquiry," which does not adversely impact a consumer's credit score.

31. However, Defendant knowingly accessed Plaintiff's credit report through a "hard inquiry" for the sole purpose of compelling payment on the subject debt as Defendant's "hard inquiry" had the natural consequence of leading Plaintiff to believe that Defendant will continue harming Plaintiff's credit score by conducting "hard inquiries" until the debt is paid.

32. As a result of Defendant's conduct, Plaintiff suffered various types of damages, including: invasion of privacy; reduced credit score; mental anguish and emotional distress; time wasted monitoring her credit reports; the increased risk of personal injury resulting from the distraction caused by the unwanted phone calls; decreased daily productivity; and aggravation that accompanies unwanted telephone calls and abusive collection practices in general.

---

[1] Hard inquiries adversely impact a consumer's credit score. *"Credit Checks: What are credit inquiries and how they affect your FICO Score?"* MyFICO, www.myfico.com/credit-education/credit-reports/credit-checks-and-inquiries. (last accessed February 23, 2021)

33. Concerned with Defendant's escalating conduct, Plaintiff retained counsel to compel Defendant to cease its unfair and abusive conduct.

## CLASS ALLEGATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Upon information and belief, Defendant systematically accesses consumers' credit reports through a "hard inquiry" in an effort to compel payment on consumer debts that it is collecting on behalf of a third party.

36. Defendant's systematic practice of accessing consumers' credit reports for the sole purpose of compelling payment is patently unfair and abusive as the "hard inquiries" damage the consumers' credit scores.

37. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) whom have had their consumer credit report(s) obtained by Defendant; (2) through a hard inquiry conducted by Defendant; (3) to compel payment on an alleged debt; (4) within the one (1) year preceding the date of the original complaint through the date of class certification.

38. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded

persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

39. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

40. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

41. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

42. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers could be identified in business records maintained by Defendant.

### B. Commonality and Predominance

43. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF

**COUNT I:**
**Defendant's Violations of 15 U.S.C. § 1692d**
**(on behalf of Plaintiff and the Members of the Putative Class)**

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d

54. Defendant violated 15 U.S.C. §1692d by (1) repeatedly placing collection calls to Plaintiff after Plaintiff requested that the calls cease; and (2) conducting a "hard inquiry" on Plaintiff's Experian credit report in an effort to compel payment on the subject debt.

55. Defendant's overall conduct of placing unwanted harassing phone calls to Plaintiff and accessing Plaintiff's credit report through a "hard inquiry" is objectively harassing and abusive.

**WHEREFORE**, Plaintiff, TONYA E. BOSTIC, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

B. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act.

C. Enjoining Defendant from accessing consumer credit reports through a "hard inquiry" in an effort to compel payment on the debts that Defendant is collecting on behalf of a third party.

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FDCPA violations.

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. §1692k.

F. Awarding Plaintiff her reasonable attorney's fees and costs.

G. Awarding any other relief this Honorable Court deems just and proper.

**COUNT II:**
**Defendant's Violations of 15 U.S.C. § 1692f**
**(on behalf of Plaintiff and the Members of the Putative Class)**

56. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Section 1692f of the FDCPA prohibits a debt collector from using unfair and unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f

58. Defendant violated 15 U.S.C. §1692f by (1) repeatedly placing collection calls to Plaintiff after Plaintiff requested that the calls cease; and (2) conducting a "hard inquiry" on Plaintiff's Experian credit report in an effort to compel payment on the subject debt.

59. Defendant's overall conduct of placing unwanted harassing phone calls to Plaintiff and accessing Plaintiff's credit report through a "hard inquiry" is objectively unfair and unconscionable.

**WHEREFORE**, Plaintiff, TONYA E. BOSTIC, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.
B. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act.
C. Enjoining Defendant from accessing consumer credit reports through a "hard inquiry" in an effort to compel payment on the debts that Defendant is collecting on behalf of a third party.
D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FDCPA violations.
E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. §1692k.
F. Awarding Plaintiff her reasonable attorney's fees and costs.
G. Awarding any other relief this Honorable Court deems just and proper.

**COUNT III:**
**Defendant's Violations of 15 U.S.C. § 1692g(b)**
**(Plaintiff individually)**

60. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of 15 U.S.C. § 1692g(b)**

61. Section 1692g(b) of the FDCPA provides, in pertinent part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in [§1692g(a)] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt…….

62. As set forth above, Plaintiff sent a dispute letter to Autovest disputing the subject debt and requesting validation of the same.

63. Upon information and belief, Autovest forwarded Plaintiff's dispute letter to Defendant, and therefore Defendant had actual knowledge that Plaintiff disputed the subject debt and requested validation of the same.

64. Defendant violated 15 U.S.C. § 1692g(b) by continuing its efforts to collect the subject debt *after* Plaintiff requested validation of the subject debt and *before* the subject debt was validated.

65. As a result of Defendant's conduct, Plaintiff was subjected to collection activity that is explicitly prohibited by the FDCPA.

66. As a result of Defendant's conduct, Plaintiff was deprived of critical protections afforded to consumers by the FDCPA.

67. As a result of Defendant's conduct, Plaintiff suffered emotional distress and mental anguish as she was forced to submit to continued harassing collection activity relating to a disputed debt.

**WHEREFORE**, Plaintiff, TONYA E. BOSTIC, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692g(b);

B. an order enjoining Defendant from further violations of 15 U.S.C. §1692g(b);

    C.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violations of the FDCPA;

    D.      an award of statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

    E.      an award of reasonable attorney's fees and costs; and

    F.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: March 23, 2021

Respectfully Submitted,

**TONYA E. BOSTIC**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com