UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA E. BOSTIC,

        Plaintiff,                  Case No. 2:21-cv-10419-PDB-EAS

v.

MICHAEL ANDREWS & ASSOCIATES, LLC,

        Defendant.

---

**DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS
FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Michael Andrews & Associates, LLC ("MAA") states as follows for its Rule 12(b)(6) Motion to Dismiss First Amended Complaint and Brief in Support:

## MOTION

1. Ms. Bostic alleges that MAA violated §1692d and §1692f of the Fair Debt Collection Practices Act ("FDCPA") by calling her to collect a debt and by running a "hard inquiry" on her credit report.

2. She also alleges that MAA violated §1692g(b) because it attempted to collect the debt after she disputed it in a letter to a third-party.

3. As set forth more fully in the accompanying brief in support, Ms. Bostic fails to state a claim.

03397684 v1

4.  Under Local Rule 7.1, MAA asked Ms. Bostic to dismiss the FDCPA claims for failure to state a claim.  She did not.

WHEREFORE, there being no just cause otherwise, MAA respectfully asks the Court to dismiss the First Amended Complaint, with prejudice, for failure to state a claim.

## **BRIEF IN SUPPORT**

*Questions presented:*

1. Does a debt collector violate the FDCPA by not ceasing phone calls in response to an oral request to do so?

2. Does a debt collector violate the FDCPA by running a "hard inquiry" on a debtor's credit history?

3. Does a debt collector violate the FDCPA by collecting a debt before a third-party responds to a request to validate the debt?

*Principal authority:*

- *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)

- *Tiger Lilly, LLC v. U.S. Dep't of Housing and Urban Dev.,* 922 F.3d 518, 522 (6th Cir. 2021)

- *Saltzman v. I.C. System, Inc,* 2009 WL 3190359 at * 6 – 7 (E.D. Mich. Sept. 30, 2009)

## I.     Facts alleged in Complaint.

In July 2016, Tonya Bostic bought a car with a loan she obtained from First Investors Financial Services ("First Investors") and intended to use the car for "personal and family purposes." *See* First Amended Complaint ("FAC") at ¶10 - 11, ECF 8, PageID 24.  Ms. Bostic defaulted on the loan in 2019.  After the vehicle was sold to paydown the debt, there was a $5,239.52 deficiency ("Debt") that First Investor sold to Autovest, LLC ("Autovest").  *Id* at ¶¶ 12 - 14.

On August 5, 2020, Autovest – not defendant Michael Andrews & Associates, LLC ("MAA") - sent Ms. Bostic a letter notifying Ms. Bostic of her rights under 15 U.S.C. §1692g and informing her that the Debt was $5,239.52 as of August 5, 2020. *See* FAC at ¶ 15, PageID 25.  Shortly thereafter, Autovest placed the Debt with MAA for collection.  On August 24, 2020, Ms. Bostic sent a letter to Autovest – not MAA – (1) disputing the subject debt; (2) requesting validation of the subject debt; and (3) requesting that Autovest cease any credit reporting until the subject debt is validated ("Dispute Letter").  Autovest did not respond to Ms. Bostic's dispute letter and she believes Autovest forwarded it to MAA when Autovest placed the Debt with MAA for collection.  *Id* at ¶¶ 17 – 20.

At some time, MAA began to attempt to collect the Debt by calling Ms. Bostic's cell phone.  In one call, Ms. Bostic asserted that she disputed the Debt with Autovest.  MAA indicated that it was "allowed to continue its collection efforts until

the subject debt was paid." *Id* at ¶23.  On January 8, 2021, MAA accessed Ms. Bostic's Experian credit report through a "hard inquiry." *Id* at ¶25.

Ms. Bostic alleges that MAA's conduct violated 15 U.S.C. §1692d, §1692g and $1962f because (a) she asked MAA to stop calling her and it did not; (b) the "hard inquiry" caused potential harm to her credit score and MAA could have made a "soft" inquiry; and (c) Autovest did not respond to the dispute letter before MAA started its collection efforts.

**II. Argument.**

**a. Legal standard.**

Rule 12(b)(6) permits district courts to dismiss a complaint which fails "to state a claim upon which relief can be granted."  To survive a motion to dismiss under Rule 12(b)(6), Ms. Bostic must show that her Complaint alleges facts which, if true, would entitle her to relief.  *First American Title Co. v. DeVaugh,* 480 F.3d 438, 443 (6th Cir. 2007).  Put another way, a complaint must contain allegations to support all of the "material elements necessary to sustain a recovery under some ***viable*** legal theory."  *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997), emphasis added.  Although the federal rules do not require detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007),

internal citations and quotations omitted. In the context of the FDCPA, a plaintiff may not proceed if the "allegations do not plausibly describe a debt collection practice that was unfair or unconscionable with respect to" the plaintiff. *Todd v. Collecto,* 731 F.3d 734, 739 (7th Cir. 2013).

        **b.**      **Ms. Bostic fails to state a claim under either §§1962d or 1962f based on the phone calls and hard inquiry.**

Ms. Bostic alleges that both MAA's phone calls and its "hard inquiry" into her credit history violated §1692d and §1692f. "The determination of whether a debt collection agency's telephone calls amount to actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Saltzman v. I.C. System, Inc.,* 09-10096, 2009 WL 3190359 at *7 (E.D. Mich. September 30, 2009). Here, the allegations do not support a finding that either the pattern or volume of calls suggests intent to harass or annoy. For example, Ms. Bostic does not contend that the calls were made "at a time and place known to be inconvenient" to Ms. Bostic nor does she allege facts which support an inference that the volume or pattern of the calls was harassing. *See e.g. Tye v. LJ Ross Assoc.,* 11-15195, 2013 WL 424765 at * (E. D. Mich. February 4, 2013) (37 calls between August 1, 2011 and October 31, 2011 did not violate FDCPA, even though plaintiff asked defendant to cease communication); *Tucker v. The CBE Group, Inc.,* 710 F. Supp. 2d 1301, 1303 (M.D. Fla. 2010) (57 calls to non-debtor, including 7 on one day, was not a violation); *Jones v. Rash Curtis * Assoc.,* 10-cv-0225, 2011 WL

03397684 v1

2050195 (N.D. Cal. January 3, 2011) (179 calls over a year is not a violation); *Arteaga v. Asset Acceptance, LLC,* 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010) (allegations of "daily" or "nearly daily" phone calls alone do not raise an issue of fact); *Jiminez v. Accounts Receivable Management, Inc.,* 09-9070, 2010 WL 5829206 (C.D. Cal. November 15, 2010) (69 calls over 115 days, is not a violation); *Waite v. Fin. Recovery Serv., Inc.,* 09-cv-02336, 2010 WL 5209350 (M.D. Fla. December 16, 2010) (132 calls over 7 months was not a violation of the FDCPA).

Further, Ms. Bostic does not allege that she informed MAA *in writing* to cease making phone calls. This is the remedy provided by the FDCPA and the statute does not recognize a cause of action based on an oral request to cease calling. 15 U.S.C. §1692c(c); *Saltzman v. I.C. System, Inc,* 2009 WL 3190359 at * 6 – 7 (E.D. Mich. Sept. 30, 2009); *Erickson v. Messerli & Kramer, P.A.,* 2011 WL 1869044 at * 7 (D. Minn. May 16, 2011). Because that is all that is alleged and because there is no pattern of harassing calls set forth in the FAC, Ms. Bostic's claims based on MAA's calls must be dismissed for failure to state a claim.

Ms. Bostic's claims for MAA's "hard inquiry" fair no better.[1] The Fair Credit Reporting Act ("FCRA") does not draw distinctions between "hard" and "soft" inquiries. Rather, it defines a "consumer report" as **"*any*** written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living...." 15 U.S.C. §1681a(d)(1) (emphasis added). The terms "hard" or "soft" do not appear anywhere in the statute and there is no limitation on the type of report a debt collector like MAA can pull. Making a "hard" inquiry therefore does not violate §1692d or §1692f because it is neither abusive or unconscionable. *Thiessen v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* Case No. 14-5520, 2015 WL 3643989 (E.D. Pa. June 12, 2015). Rather, it was a perfectly lawful action.

Moreover, in order to fall within the FDCPA, a debt collector's conduct must be made in connection with an effort to collect a debt. *See* 15 U.S.C. §§1692d, 1692f. In this Circuit, "for a communication to be in connection with the collection

---

[1] MAA's access of Ms. Bostic's credit file was lawful under the Fair Credit Reporting Act ("FCA"). The FCA provides that a consumer reporting agency may furnish a consumer report to a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. §1681(a)(3)(A). *See also, Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 34 (3d Cir. 2011).

of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leiken Ingber & Winters,* 643 F.3d 169, 173 (6th Cir. 2011). There is no allegation that the "hard inquiry" was made in order to induce Ms. Bostic to pay the Debt and no plausible scenario where this would be the case. Indeed, Ms. Bostic does not contend that MAA even told her that it would run a credit check on her, so how could the "animating purpose" of the credit check me to induce payment from her? Simply put, a "hard inquiry" by a debt collector does not violate §1692d or §1692f because the credit review was not made to "induce" payment by the debtor. *See e.g. Ramirez v. Mandrick Law Group, LLC,* Case No. 18-CV-03257, 2020 WL 1482366 (N.D. Ill. March 25, 2020).

MAA is alleged to have non-harassing phone calls and performed a legal act under the FCRA. Neither activity was improper, let alone unconscionable. Ms. Bostic's claims under the §1692d and §1692f therefore must be dismissed.

    **c.**    **Ms. Bostic does not have a claim under §1692g.**

Ms. Bostic did not notify MAA in writing that she disputed some or all of the Debt under §1692g(b). Rather, she claims to have written MAA's client to dispute the Debt and assumes that MAA's client told MAA that Ms. Bostic sent it a letter disputing the Debt. *See* FAC at ¶¶ 18, PageID 25. Ms. Bostic did not notify MAA in writing that she disputed the debt, which means she does not have a claim against MAA under §1692g.

The statute says:

> If the consumer notifies the ***debt collector*** in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the ***debt collector*** shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. §1692g(b), emphasis added.

"When analyzing the statute, we look first to its language, giving the words used their ordinary meaning. We then apply established principles of interpretation. *Tiger Lilly, LLC v. U.S. Dep't of Housing and Urban Dev.,* 922 F.3d 518, 522 (6th Cir. 2021) (cleaned up). "If, after those steps, the statute's meaning is clear," the Court's "task is done." Here, §1962g clearly states that, when a debtor notifies a ***debt collector*** in writing that the creditor disputes a debt, the ***debt collector*** must cease collection efforts until the debt is validated. Ms. Bostic does not allege that she notified the "debt collector" in writing that she disputed the debt; she notified the creditor that she disputed the debt. Creditors are not "debt collectors" under the FDCPA. *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 106 (6th Cir. 1996). Under the plain reading of the statute, Ms. Bostic's letter to Autovest did not trigger any obligation on the part of MAA to cease its collection efforts. Count III therefore fails to state a claim.

### III. Conclusion.

MAA took lawful efforts to collect a debt Ms. Bostic admits she owes. Not every action taken by a debt collector violates the FDCPA and Ms. Bostic failed to allege facts that even suggest MAA violated the statute. Her First Amended Complaint must be dismissed, accordingly.

        Respectfully submitted,

        */s/ Kathleen H. Klaus*
        Kathleen H. Klaus (P67207)
        MADDIN, HAUSER, ROTH & HELLER, P.C.
        *Attorney for Defendant*
        28400 Northwestern Hwy, 2nd Floor
        Southfield, MI 48034
        (248) 359-7520
        kklaus@maddinhauser.com

Dated: April 27, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

        */s/ Kathleen H. Klaus*
Kathleen H. Klaus (P67207)
Maddin, Hauser, Roth & Heller, P.C.
*Attorney for Defendant*
28400 Northwestern Highway
2nd Floor
Southfield, MI 48034
(248) 359-7520
kklaus@maddinhauser.com

DATED: April 27, 2021

03397684 v1